AMBLER REALTY CO. v. EUCLID (Vil.) Ohio, et al

U. S. District Court, N. D. Ohio, E. D. No. 898. Decided Jan. 14, 1924

693. INJUNCTION—Court of equity may enjoin enforcement of void municipal ordinance, but which, while in force, is a cloud on title and would depreciate market value of property.

291. CONSTITUTIONAL LAW — Zoning ordinance which would prevent sale of claimants's considerable tract of land, and use of a large part of it, held invalid as depriving owners of property without due process of law.

Ordinance held not sustainable on theory of indirect benefits or of average reciprocity or advantages.

EMINENT DOMAIN—"Property" includes the right to acquire, use and dispose of it, and is protected from confiscatory exercise of police power.

WESTENHAVER, D. J.
Epitomized Opinion

This was an action to enjoin the enforcement of a zoning ordiace, No. 2812, of the Village of Euclid. Plaintiff was the owner of 68 acres of unimproved and unallotted land lying in the village. This tract was bounded on the north by the Nickel Plate Railway and on the south by Euclid avenue. The ordinance in question restricted the use of this land. The frontage on Euclid avenue to the depth of 150 feet may be used only for a single family dwelling. The next 470 feet in the rear thereof may be used only for two-family dwelling. The next 130 feet farther to the rear may be used only for apartment dwelling and not for any form of trade or industry. The remaining 1,200 feet north to the Nickel Plate Railway may be used for industry and manufacturing purposes.

Many additional restrictions are imposed as to height, set-back distances, etc., of the various buildings. The evidence showed that the normal and reasonable use to be expected of plaintiff's land along Euclid avenue was

(Continued on Page 456)

## STATE SUPREME COURT
### NEW CASES, PROCEEDINGS AND DECISIONS

### OHIO SUPREME COURT

The following is the most complete and accurate List of Cases and Decisions Filed and Disposed of in this Court.

It is the Only List in which cases are Indexed and Annotated by back references to the place where they have formerly appeared, thus giving their complete record.

## WEEKLY LIST OF
## NEW CASES DOCKETED.

### INDEX OF NEW CASES DOCKETED

Clawson v. Landis, Aud._____ 18697
Herbig v. St. Bernard (City)_____ 18698
Luff v. State_____ 18699
Mack v. Akron (City)_____ 18705
Marion Foundry Co. v. Ladnis_____ 18696
Mulcahy v. Akron (City)_____ 18704
Penna. R. Co. v. Charles_____ 18702
Penna. R. Co. v. Donovan_____ 18701
Perry et v. Magee_____ 18703
Senkfor v. Shambacker_____ 18699

#### July 11

18696—Marion Foundry Co. v. J. L. Landis, City Auditor, et al; error to Marion Appeals. Geo. B. Okey and T. S. Hogan, Columbus, for plaintiff; G. E. Mouser, Jr., Marion, for defendants.

18697—Thomas A. Clawson v. J. L. Landis, City Auditor, et al; error to Marion Appeals. Geo. B. Okey and T. S. Hogan, Columbus, for plaintiff; G. E. Mouser, Jr., Marion, for defendants.

#### July 14

18698—Herman Herbig v. City of St. Bernard; motion to direct Hamilton Appeals to certify its record. Edward Ballard, Cincinnati, for plaintiff; Loraine Caine, St. Bernard, for defendant.

18699—Henry Senkfor, doing business as U. S. Wet Wash Laundry Co., v. Rudolph Shambacher; motion to direct Cuyahoga Appeals to certify its record. Acker & Wald, Cleveland, for plaintiff; John Babka, Cleveland, for defendant.

18700—Morris Luff v. State of Ohio; motion for leave to file petition in error to the Cuyahoga Appeals. Rich. J. Fitzgerald, Cleveland, for plaintiff; Ed. C. Stanton, Cleveland, for defendant.

18701—Pennsylvania Railroad Co. v. Daniel Donovan; motion to direct Greene Appeals to certify its record; error to the Court of Appeals of Greene county. Mathews & Mathews, Dayton, for plaintiff; Marcus Shoup, Xenia, for defendant.

#### July 15

18702—Pennsylvania Railroad Co. v. Charles Cunningham; motion to direct Greene Appeals to certify its record; error to the Court of Appeals of Greene county. Mathews & Mathews, Dayton, for plaintiff; Marcus Shoup, Xenia, for defendant.

18703—January Perry, Harrison Perry and Lambert Velliquette v. J. N. Magee; motion to direct Ottawa Appeals to certify its record. Boggs & Doty, Toledo, for Plaintiff; Price & Stahl, Toledo, for defendant.

18704—Cornelius Mulcahy v. City of Akron; motion to direct Summit Appeals to certify its record. Commins, Brouse, Englebeck & McDowell, and Rockwell & Grant, Akron, for the plaintiff; H. M. Hagelbarger, Akron, for defendant.

18705—James Mack and Henry Frederick v. City of Akron; motion to direct Summit Appeals to certify its record. Jesse P. Dice, Akron, for plaintiff; H. M. Hagelbarger, Akron, for defendant.

## WEEKLY REPORT OF
## SUPREME COURT PROCEEDINGS

### NEW CASES DECIDED
#### Tuesday. July 1, 1924

#### INDEX TO CASES
##### Cases Decided

Deshler (Vil.) et v. No. W. O. Light Co.__18560
Irvine, Ad., v. Erie Rd. Co._____18479
Smith v. Davidson_____18504
State ex v. Wolfert_____18557

##### Motions Overruled

Alliance Ins. Co. v. Parris_____18503
Am. Sur. Co. v. Elliott_____18510
Baer v. State ex_____18483
Bernius v. Krollman et_____18444
Bernard v. Hale_____18552
Byesville (Vil.) v. Burt_____18583
Blake v. Hock. Val. Ry._____18607
Cincinnati (City) v. W. U. Tel. Co._____18566
Cinci. Trac. Co. v. Borden_____18492
Cull v. State ex_____18488
Deshler (Vil.) v. Nor. W. O. Light Co.___18560
Demarco v. Pappas_____19473
Devar v. Otis & Co._____18562
Ditrick et v. Baer et_____18516
Erie R. Co. v. Moores Lime Co._____18458
Foust v. B. & O. Ry. Co._____18517
Gaskins v. Hamilton Co. (comrs.)_____18477
Hallowell v. Acme Lumb. Co._____18521
Home S. & L. Co. v. Adovasla_____18536
Howell v. Heartwell_____18529
Irvine, Ad., v. Erie R. Co._____18479
Kennedy v. State ex_____18585
Klotz v. Victor Plumbing Co._____18481
Kneele v. Jennings_____18652
Kramer v. State ex_____18486
Levine v. State ex_____18484
Levy v. Levy Overall Co._____18608
Mason v. Tremayne et_____18501
Metz v. Katz_____18530
Nat. Fire Ins. Co. v. Wills_____18616
Ohio Power Co. v. O. S. Arch. Soc._____18513
Pearson v. State ex_____18489
Phillips v. State ex_____18490
Powell v. State ex_____18487
Quinby, In re_____18520
Radovitz v. Shaker Heights_____18498
Tubman v. Hoyt_____18599

U S. Lloyds v. Katz _____18574
Val. City Mortg. Co. v. Nelson_____18525
Val. City Mortg. Co. v. Ringelspaugh___18526

### Motions Sustained

Baer v. State ex_____18483
Cincinnati (City) v. Am. Telph. Co._____18564
Cincinnati (City) v. Norf. & W. R. Co.___18565
Cincinnati v. W. U. Tel. Co._____18566
Cull v. State ex _____18488
Deshler (Vil.) v. Nor. W. O. Light Co.___18560
Empire Gas Co. v. Coolahan _____18609
Irvine v. Erie R. Co._____18479
Jones v. Stevens _____18470
Kennedy v. State ex _____18485
Kramer v. State ex _____18486
Levine v. State ex _____18484
Nelsonville (City) v. Ramsey _____18620
Pearson v. State ex_____18489
Phillips v. State ex _____18490
Powell v. State ex _____18487
State ex v. Nolte, Mayor _____18551

### Disposed of

Kennedy v. P. U. C. (Denied)_____18667
Elyria (City) v. Meacham (Al. con.)N_18445
Schelling v. P. U. C. (Denied) _____18666

## Tuesday, July 1, 1924

### GENERAL DOCKET

18479—Helen M. Irvine, as Admx., v. Erie Rr. Co.; error to Marion Appeals. Petition in error as of right dismissed, no constitutional question involved. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

18504—Nancy McCoy Smith v. Nellie McCoy Davidson; error to Franklin Appeals. Petition in error as of right dismissed, no constitutional question involved. Mashall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concu.

OA. Op. 2 Abs. 363; Pend. SC. Id. 358.

18557—State ex rel Michael Behm v. Edith Wolfert et al; error to Lucas Appeals. Petition in error as of right dismissed, no constitutional question involved. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

OA. Op. 2 Abs. 446; Pend. SC. Id. 454.

18560—Deshler (Vil.) et al v. Northwestern Ohio Light Co., etc.; error to Henry Appeals. Petition in error as of right dismissed, no constitutional question involved. Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

### MOTION DOCKET
#### July 1, 1924

18444—Alice Bernius, Admx., v. Jacob Krollman et al. Motion to direct Hamilton Appeals to certify record. Overruled.

18445—City of Elyria v. Grace L. Meacham et al. Motion by plaintiff to omit from printed record certain exhibits. Allowed by consent. OA. op. 2 Abs. 218.

18477—John C. Gaskins, Admr., v. Hamilton County Commissioners et al. Motion to direct Hamilton Appeals to certify record. Overruled.

18479—Helen M. Irvine, Admx., v. Erie R. R. Co. Motion to direct Marion Appeals to certify record. Overruled.

18479—Helen M. Irvine, Admx., v. Erie R. R. Co. Motion by defendant to strike out petition in error as of right from the files. Sustained.

18483—George P. Baer v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18483—George P. Baer v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismiss petition in error as of right. Overruled.

18484—Manuel Levine v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18484—Manuel Levine v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismoss petition in error as of right. Overruled.

18485—Thomas M. Kennedy v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18485—Thomas M. Kennedy v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismiss petition in error as of right. Overruled.

1848___—Samuel E. Kramer v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18486—Samuel E. Kramer v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismiss petition in error as of right. Overruled.

18487—Homer G. Powell v. State, ex rel Stanton, Pros. Atty. Motion to order Cuyahoga Appeals to certify record. Sustained.

18487—Homer G. Powell v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismiss petition in error as of right. Overruled.

18488—Dan B. Cull v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18488—Dan B. Cull v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismiss petition in error as of right. Overruled.

18489—A. J. Pearson v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18489—A. J. Pearson v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismiss petition in error as of right. Overruled.

18490—Frank C. Phillips v. State, ex rel Stanton, Pros. Atty. Motion to direct Cuyahoga Appeals to certify record. Sustained.

78490—Frank C. Phillips v. State, ex rel Stanton, Pros. Atty. Motion by defendant to dismission petition in error as of right. Overruled.

### MOTION DOCKET
#### June 24, 1924

18458—Erie R. R. Co. v. Moores Lime Co. Motion to direct Clark Appeals to certify record. Overruled.

18470—William F. Jones v. Harry J. Stevens. Motion to direct Cuyahoga Appeals to certify record. Sustained.

18473—Louis Demarco v. Gust Pappas. Motion to direct Cuyahoga Appeals to certify record. Overruled.

OA. op. 2 Abs. 443; Pend. SC. Id. 441.

## STATE SUPREME COURT —Continued

18481—Gustav Klotz v. Victor Plumbing Co. Motion to direct Clark Appeals to certify record. Overruled.

18492—Cincinnati Traction Co. v. Chas. R. Borden et al. Motion to direct Hamilton Appeals to certify record. Overruled.

18498—Piroska Radovitz v. Village of Shaker Heights. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18503—Alliance Insurance Co. v. Phillip Porris. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18510—American Surety Co. of New York v. Harry S. Elliott et al. Motion to direct Marion Appeals to certify record. Overruled.

18517—Shannon L. Foust v. B. & O. R. R. Co. et al. Motion to direct Seneca Appeals to certify record. Overruled.

18525—Valley City Mortgage & Loan Co. v. Earl Nelson et al. Motion to direct Trumbull Appeals to certify record. Overruled.

18529—Addie M. Howell v. E. D. Heartwell. Motion to direct Lake Appeals to certify record. Overruled.

18530—Joseph Metz v. William Katz. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18536—Home Savings & Loan Co. v. Louis Adovasia et al. Motion to direct Mahoning Appeals to certify record. Overruled.

18552—Joseph P. Bernard v. Claremont Hale. Motion to direct Mahoning Appeals to certify record. Overruled.
OA. op. 2 Abs. 394; Pend. SC. Ib. 391.

18562—William T. Devor v. Otis & Co. et al. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18564—City of Cincinnati v. American Telephone & Telegraph Co. Motion to direct Hamilton Appeals to certify record. Sustained.

18565—City of Cincinnati v. Norfolk & Western R. R. Co. Motion to direct Hamilton Appeals to certify record. Sustained.

18566—City of Cincinnati v. Western Union Telegraph Co. Motion to direct Hamilton Appeals to certify record. Sustained.

18620—City of Nelsonville v. R. Harold Ramsey et al. Motion to direct Athens Appeals to certify record. Sustained.

18652—William E. Kneale v. S. W. Jennings et al. Motion by plaintiff for temporary injunction. Overruled.

18501—Harris E. Mason v. E. C. Tremayne et al. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18513—The Ohio Power Co. v. Ohio State Archaeological & Historical Society. Motion to direct Sandusky Appeals to certify record. Overruled.

18516—Alva Dittrick et al v George P. Baer et al. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18520—In re Preferment of Charges against H Anna Quinby. Motion to direct Franklin Appeals to certify record. Overruled.
OA. op. 2 Abs. 349.

18521—H. A. Hallowell v. Acme Lumber Co. Motion to direct Hamilton Appeals to certify record. Overruled.

18526—The Valley City Mortgage & Loan Co. v. A. H. Ringelspaugh et al. Motion to direct Trumbull Appeals to certify record. Overruled.

18551—State, ex rel Chas. F. Mead, a taxpayer, v. Louis H. Nolte, mayor. Motion to direct Hamilton Appeals to certify record. Sustained.

18560—Village of Deshler et al v. The Northwestern Ohio Light Co. Motion to dismiss petition in error. Sustained.

18566—The City of Cincinnati v. Western Union Telegraph Co. Motion by defendant to dismiss petition in error as of right. Overruled.

18574—United States Lloyds v. Sam Katz. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18583—Village of Byesville v. David S. Burt. Motion to direct Guernsey Appeals to certify record. Overruled.

18599—T. Henry Tubman v. Worthington Hoyt. Motion to direct Cuyahoga Appeals to certify record. Overruled.

18607—The C. G. Blake Co. v. The Hocking Valley Ry. Co. Motion to direct Hamilton Appeals to certify record. Overruled.

18608—Samuel Levy v. The Levy Overall Mfg. Co. Motion to direct Hamilton Appeals to certify record. Overruled.

13609—Empire Gas & Fuel Co. v. P. J. Coolahan. Motion to direct Wayne Appeals to certify record. Sustained.

18616—National Fire Insurance Co. v. Theodore M. Wills. Motion by defendant to strike from the files motion to certify record. Overruled.

18666—Paul Schelling, etc., v. Public Utilities Commission. Application by plaintiff for stay of execution. Denied.

18667—Frank Kennedy, etc., v. Public Utilities Commission. Application by plaintiff for stay of execution. Denied.

# Weekly Abstract Of Pending Cases

The following statements were prepared by our editors from the recitals appearing in the papers filed in the Supreme Court, or they have been written and sent us by the attorney or attorneys bringing the case.

STATE ex rel BEHM V. WOLFERT
No. 18557. Ohio Supreme Court
Error to Lucas County Appeals

Motion for order to certify docketed May 5, 1924, 2 Abs. 323; dis ante. 453.

801. MUNICIPAL LAW—Zoning Ordinance.

The facts of this case may be found in the Court of Appeals opinion, page 445 of last number of the Abstract.

The contentions of the plaintiff are that a general zoning ordinance of the city of Toledo is a valid enactment under the police power and that defendants should be enjoined from violating the zoning ordinance even if the effect is substantial confiscation of their property; that the modern trend and the weight of authority in the United States sustain the validity of zoning ordinances which are regulations designed to promote the public convenience "shall ever be held subservient to the public welfare."

Attorneys—Hackett & Lynch, for plaintiff; D. L. O'Rouke and Lawton & Saalfill, for defendants; all of Toledo.

---

No. 437

TAX COM. v. NAT. MAL. CAST. CO.

No. 18454. Supreme Court of Ohio

On Error to the Supreme Court of Ohio

Docketed March 18, 1924, 2 Abs. 258

1157. TAXATION.

The National Malleable Castings Co. filed a petition in error in the Common Pleas to reverse, vacate or modify the findings of the Tax Commission of Ohio under 5611-2 GC. On May 1, 1920, the Castings Co. filed with the County Auditor of Ohio its personal tax return as of Jan. 1, 1920. In this return defendant deducted the sum of $275,000 from the sum of legal claims and demands owing to it, said amount being the estimated amount of excess profits and income tax which it believed had accrued in favor of the United States up to and including Dec. 31, 1919. The exact amount was found to be $292,461.60. The Auditor refused to permit said amounts to be deducted from said tax return and corrected the reports accordingly.

Attorneys—C. C Crabbe, Atty. Gen, and David E Green. Columbus for Tax Commission; Cooke, McGowan. Foote, Bushnell & Burgess Cleveland, for Castings Co.

# Ohio Courts of Appeals

DECIDE AT LEAST

# 1000 CASES A YEAR

THE LAWYER DOES NOT GET OUTSIDE THE

# Abstract's Advance Opinions

---

To Get Complete Access to and Full Use of All of Them

## CONSULT

# The Current Abstract Digest

This Digest Service is Now Being Extended And It Will be Issued in

# Monthly Units Cumulated Quarterly

Covering Every Ohio Published Case On Every Point

---

For Further Particulars see Published Numbers

# Weekly Publication

Of All Matter for This Digest Will be First Made in The Ohio Law Abstract, Without Charge to Its Subscribers

Price, Current Abstract Digest Service Alone, Per Year, $8.00

## FEDERAL COURTS—Continued

(Continued from Page 451)

for general trade and commercial purposes, and that the restrictive provisions of the ordinance in question impair the salability of this land. In granting the relief prayed for, the United States District Court at Cleveland held:

1. A court of equity has jurisdiction to enjoin enforcement of a municipal ordinance which is void but which, while in force, constitutes a substantial cloud on the title to property and depreciates its market value.

2. A village zoning ordinance restricting the class of buildings which may be built within certain distances from designated streets, and which as affecting complainant's property, consisting of a considerable tract of unimproved land, would prevent the sale and use of a large part of it for legitimate purposes, to which it would normally, because of its location, be devoted, with consequent substantial depreciation of its market value, held void as depriving complainant of its property without due process of law, in violation of the Fourteenth Amendment, as well as in violation of provisions of the state constitution of Ohio.

3. Property is more than the mere thing which a person owns, and includes the right to acquire, use, and dispose of it, and the constitution protects an owner, not only against a taking without compensation under power of eminent domain, but also against an exercise of the police power which, while leaving him title and possession, deprives him of the normal and legitimate use of his property.

4. An ordinance which deprives an owner of the right to make normal and legitimate use of his property cannot be sustained on the theory that he would be compensated indirectly by benefits accruing from the effect of the same restrictions on other property, especially where the facts and probabilities do not support such theory.

Attorneys—Baker, Hostetler & Sidlo, for Realty Company; James Metzenbaum and W. C. Boyle, for Euclid et al; all of Cleveland.